CITY OF CAMDEN, RESPONDENT, v. JOHN R. SMALLEY, PROSECUTOR.

Argued October 7, 1924—Decided October 27, 1924.

Vehicles for Hire—Distinction Between Public, Semi-Public and Private Use—Vehicle Hired to Undertaker Who Used It for Transporting Those Attending Funerals—By No Process of Reasoning Can Such Use Be Regarded as a Violation of an Ordinance Providing for Licensing Special Auto Buses— Authority of a Municipality to Enact Such an Ordinance Raised but Not Passed Upon.

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Joseph Beck Tyler*.

For the respondent, *Bernard Bertram*.

PER CURIAM.

The prosecutor is engaged in the automobile livery business in the borough of Woodlynne, about a mile from the city of Camden. He was the owner and operator of a seven-passenger automobile, and on June 7th, 1924, he hired the said motor vehicle to the John Crawford Company, undertakers and funeral directors of the city of Camden, by which the car was used for funeral purposes in carrying persons attending a funeral from the Catholic church at Sixth and Market streets, Camden, to Calvary cemetery, near the city limits, and from thence back to the church. The family of the deceased paid the undertaking company for the hire of the car and the company paid Smalley for the use of the vehicle. The persons carried paid no fare.

The prosecutor was charged with the violation of an ordinance of the city of Camden entitled "An ordinance pro-

viding for the licensing of special auto buses operating over the streets of the city," convicted thereof in the city police court and fined $250.

To the review of such conviction this writ is directed. Such ordinance, so far as pertinent to the present inquiry, provides as follows:

"Section 1. Every hack, wagon, auto bus or other vehicle operating over the streets of the city of Camden, and carrying passengers for hire, other than a taxicab, or an auto bus over a designated route, shall, for the purpose of this ordinance, be deemed a special auto bus, and be licensed by the city as such.

"Section 2. It shall be unlawful for any hack, wagon, auto bus or other vehicle to operate over the streets of the city of Camden as a special auto bus without first obtaining a municipal license therefor."

Aside from the question of authority of the city of Camden to adopt an ordinance which, by its language and terms, would reach the vehicle of prosecutor, employed as herein described, and which question we are not called upon to decide, we are unable, by any process of reasoning, to find that the ordinance in question reaches to and includes a vehicle employed and used in the manner and under the conditions which the facts in this case establish as to the motor car of the prosecutor. Its use was neither public nor semi-public, nor for hire, nor was the prosecutor a common carrier of passengers. On the contrary, its use was private.

This conclusion requires the reversal and setting aside of the proceedings and conviction under review, with costs.